# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: November 30, 2022

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * | | |
| LORETTA FRANKLIN, | * | No. 20-33V |
| | * | |
| Petitioner, | * | Special Master Sanders |
| | * | |
| v. | * | |
| | * | Dismissal; Show Cause Order; |
| SECRETARY OF HEALTH | * | Failure to Prosecute |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * | | |

*David J, Carney*, Green & Schafle LLC, Philadelphia, PA, for Petitioner.
*Kimberly S. Davey*, United States Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On January 13, 2020, Loretta Franklin ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to -34 (2012). Petitioner alleged that she suffered from a shoulder injury related to vaccine administration ("SIRVA") that was caused-in-fact by an influenza ("flu") vaccination administered on September 27, 2018. Pet. at 1, ECF No. 1.

On April 20, 2022, I held a status conference in this case pursuant to Vaccine Rule 5. Min. Entry, docketed Apr. 20, 2022; Scheduling Order, ECF No. 37. During the status conference, I noted questions regarding vaccination location site (on the body) and duration of Petitioner's injury for at least six months, as required by the Vaccine Act. *See* 42 U.S.C. U.S.C. § 300aa-11(c)(1)(D)(i) (requiring that a petitioner "suffered the residual effects or complication of [her] illness, disability, injury, or condition for more than 6 months after the administration of the vaccine[]" unless her injury resulted in death or surgical intervention and inpatient hospitalization). Because of these issues, I communicated my concerns regarding Petitioner's ability to satisfy her

---

[1] This decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended, 42 U.S.C. §§ 300aa-10 *et seq.* (2012) ("Vaccine Act" or "the Act"). Hereinafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

burden in this case and to establish reasonable basis. On April 20, 2022, I ordered Petitioner to "file a status report indicating how she wishes to proceed or an appropriate motion . . . ." ECF No. 37.

On June 1, 2022, Petitioner filed a status report stating that her counsel intended to withdraw in light of my opinions. ECF No. 39 at 1. Petitioner asserted that she intended to proceed with her case if she is able to find another attorney. *Id.* Petitioner requested thirty days to retain another attorney or to move to dismiss her case. *Id.* On July 7, 2022, I issued an order allowing Petitioner until August 8, 2022, to file a motion to substitute attorney. Scheduling Order at 2, ECF No. 40. I told Petitioner that no extensions would be granted and that "[i]f [she was] unable to retain a new attorney by th[at] deadline, she must file a status report stating how she intends to proceed or an appropriate motion[.]" *Id.*

On July 29, 2022, Petitioner's counsel filed a status report on Petitioner's behalf stating that "Petitioner has been unresponsive to [her] counsel's email's telephone calls, letters and text messages" since Petitioner's June 1, 2022 status report. ECF No. 41 at 1. Petitioner's counsel "request[ed] that the Court issue a Show Cause Order that Petitioner['s counsel] can mail by certified mail to Petitioner giving her a deadline to either retain new counsel and provide the new attorney's information to Petitioner's counsel for transfer of the file, or agree to a voluntary withdraw of Petitioner's [p]etition for [c]ompensation." *Id.*

On October 5, 2022, I issued a Show Cause Order. ECF No. 42. I noted that Petitioner had not submitted any additional filings or otherwise communicated with Chambers since her July 29, 2022 status report. *Id.* at 1–2. I further noted that Petitioner had had ninety days since my July 7, 2022 Order to file a motion to substitute attorney or to file a status report indicating how she wishes to proceed. *Id.* at 2. I told Petitioner that "[f]ailure to file a motion to substitute attorney or a status report stating how she intends to proceed by . . . November 4, 2022, w[ould] be interpreted as a failure to prosecute this claim[]" and that "I [would] dismiss her petition." *Id.* Petitioner missed her November 4, 2022 deadline and has not communicated with Chambers.

When a petitioner fails to comply with Court orders to prosecute her case, the Court may dismiss her claim. Vaccine Rule 21(b)(1); *Sapharas v. Sec'y of Health & Human Servs.*, 35 Fed. Cl. 503 (1996); *Tsekouras v. Sec'y of Health & Human Servs.*, 26 Cl. Ct. 439 (1992), aff'd, 991 F.2d 810 (Fed. Cir. 1993) (table); *see also Claude E. Atkins Enters., Inc. v. United States*, 899 F.2d 1180, 1183-85 (Fed. Cir. 1990) (affirming dismissal of case for failure to prosecute for counsel's failure to submit pre-trial memorandum); *Adkins v. United States*, 816 F.2d 1580, 1583 (Fed. Cir. 1987) (affirming dismissal of case for failure of party to respond to discovery requests).

Petitioner has now had 224 days since my April 20, 2022 Order to determine how to proceed. She has had at least 182 days since her attorney stated his intent to withdraw from this case to find another attorney or elect to proceed *pro se*. Petitioner has also had fifty-six days to respond to my Show Cause Order. Petitioner's continued failure to file her status report or communicate with Chambers indicates a disinterest in pursuing her claim. Therefore, this case must be **dismissed for failure to prosecute. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

<u>s/Herbrina D. Sanders</u>
Herbrina D. Sanders
Special Master